UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JONATHAN WADE DUNNING #31961-001** | **CASE NO. 2:20-CV-00607 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Immediate Release and Home Confinement [doc. 2] filed by Jonathan Wade Dunning, who is an inmate in the custody of the Bureau of Prisons. Mr. Dunning is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). The government has filed a response, in accordance with this court's standard procedural order, and opposes the motion. Doc. 8.

### I.
### BACKGROUND

Following a jury trial in the United States District Court for the Northern District of Alabama, Mr. Dunning was convicted of 98 counts of wire fraud, bank fraud, money laundering, and conspiracy. *United States v. Dunning*, No. 2:14-cr-0382, doc. 299 (N.D. Ala. Oct. 14, 2016). He was then sentenced on October 14, 2016, to a term of 216 months' imprisonment. *Id.* at doc. 323. He filed a motion to vacate his conviction under 28 U.S.C. § 2255, which is still pending in the Northern District of Alabama. *Dunning v. United States*, No. 2:19-cv-8046, doc. 1 (N.D. Ala.). He also filed an emergency motion for

compassionate release in that case on May 6, 2020, arguing that he should be released to home confinement because of concerns relating to the COVID-19 pandemic. *Id.* at doc. 3.

Upon review of the motion, the court determined that it was more properly construed as a petition under 28 U.S.C. § 2241 and that the only court with jurisdiction was the one in which Mr. Dunning's place of incarceration was located. *Id.* at docs. 5, 8. Accordingly, it ordered that the matter be transferred to here – to the United States District Court for the Western District of Louisiana. *Id.* This court issued its Standard Procedural Order concerning requests for COVID-19 compassionate release from incarceration. Doc. 6. Under that order, the United States Attorney's Office for the Western District of Louisiana then filed a memorandum in opposition to Mr. Dunning's petition. Doc. 8. The government argues that the court lacks authority to grant the requested relief, however Mr. Dunning's request is construed.

## II.
## LAW & APPLICATION

### A. *Request for Home Confinement under CARES Act*

To the extent that Mr. Dunning is requesting home confinement under the CARES Act, as his petition suggests, the court is without authority to grant relief. The Director of the Bureau of Prisons may authorize home confinement for the shorter of ten percent of an inmate's term of imprisonment or six months. 18 U.S.C. § 3624(c). Under the CARES Act of 2020, Congress has also lengthened the maximum amount of time an inmate may be placed on home confinement. Pub. L. 116-136, § 12003(b)(2). Decisions regarding inmate designations, however, are exclusively reserved to the BOP and are not subject to judicial

review. *See* 18 U.S.C. § 3621(b). Accordingly, as the government notes and several courts have recently recognized, the district court has no authority to order home confinement under the CARES Act. *E.g.*, *United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020). This request is therefore denied.

### B.  Petition under 28 U.S.C. § 2241

To the extent Mr. Dunning's motion can be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, Judge Terry A. Doughty of this district recently addressed a similar petition in *Livas v. Myers*, __ F. Supp.3d ___, 2020 WL 1939583 (W.D. La. Apr. 22, 2020). There four inmates at FCIO brought a putative class action under 28 U.S.C. § 2241, seeking release from the facility. To this end, they cited the presence of COVID-19 at FCIO and their immediate concerns about contracting the virus. Judge Doughty noted, in relevant part, that § 2241 was an imperfect fit for petitioners' requested relief because they sought assignment to home confinement rather than release from custody. *Id.* at *8. As noted above, such designations fall under the BOP's authority and ruling otherwise "would make this Court a de facto 'super' warden of Oakdale." *Id.* Instead, such requests should be pursued through ordinary channels at the BOP, which is in the best position to evaluate inmate classifications and which has enacted protocols under the CARES Act to address requests for relief based on the COVID-19 pandemic. Mr. Dunning may also seek compassionate release under the First Step Act by filing a motion in the district where he was convicted and sentenced.

## III.
### CONCLUSION

For the reasons described above, Mr. Dunning's claims are improperly raised under 28 U.S.C. § 2241. Accordingly, this petition will be denied and dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 27th day of May, 2020.

*[Signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**